UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY ALLAN MAXON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:05-cv-645 |
| | ) | |
| v. | ) | Honorable Wendell A. Miles |
| | ) | |
| MARY K. BERGHUIS, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On November 7, 2005, the Court issued an opinion and judgment dismissing Petitioner's action for failure to exhaust his state-court remedies and denying him a certificate of appealability. Plaintiff has filed a notice of appeal. This matter now is before the Court upon Petitioner's motions for certificate of appealability (docket #7), extension of time to apply for leave to proceed *in forma pauperis* on appeal (docket #8) and relief from judgment (docket #9).

### I.  Motion for Certificate of Appealability

The Court denied Petitioner a motion for certificate of appealability in its opinion and judgment dismissing the petition (dockets #4-5). Accordingly, Petitioner's motion for certificate of appealability will be denied as moot.

### II.  Motion for Extension of Time

Petitioner seeks a twenty-day extension of time in which to apply for leave to proceed *in forma pauperis*. As set forth below, the Court will grant Petitioner thirty days from the date of this order to pay the appellate filing fee or to apply to proceed *in forma pauperis* on appeal.

Sixth Circuit Internal Operating Procedure 5.1 provides that a $250.00 docketing fee and a $5.00 filing fee must be paid to the district court when a notice of appeal is filed. "[A] prisoner who is unable to pay the required filing fees may seek leave to file an appeal in a Section 2254 or Section 2255 action pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure." *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Under the provisions of that rule, if Petitioner wishes to proceed *in forma pauperis* on appeal, Petitioner must file in the district court: (1) a motion for leave to proceed *in forma pauperis*, and (2) an affidavit which shows petitioner's inability to pay the required fees (as prescribed by Form 4 of the Appendix of Forms), his belief that he is entitled to redress, and a statement of the issues he intends to present on appeal. Furthermore, Petitioner must file a certificate of the warden or other appropriate officer as to the amount of money or securities on deposit in any account in the institution where Petitioner is incarcerated. W.D. MICH. LCIVR 3.4(a). Petitioner has failed to file the requisite documents to proceed *in forma pauperis*.

Accordingly, within thirty days from the date of this notice, Petitioner must submit the $255.00 filing fee or, alternatively, file the requisite documents to proceed *in forma pauperis*. The affidavit must be in substantial compliance with Form 4 of the Federal Rules of Appellate Procedure. Petitioner also is notified that if he fails to pay the filing fee or to file the required documents as described above, the Court of Appeals may dismiss Petitioner's appeal for want of prosecution.

### III. **Motion for Relief from Judgment**

In his motion, Petitioner does not dispute that his petition contains unexhausted claims. Rather, he contends that under the Supreme Court's decision in *Rhines v. Webber*, 125 S.

2

Ct. 1528 (2005), he is entitled to a stay of these proceedings pending exhaustion of his state court remedies

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of these first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The *Palmer* court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state court remedies. In this case, Petitioner filed a motion for relief from judgment on September 19, 2005, when he had 111 days remaining in the limitations period. His motion remains pending in the state courts. In its previous opinion, this Court concluded that "Because Petitioner has more than sixty days remaining in the limitations period, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies." Accordingly, the Court dismissed Petitioner's action without prejudice pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

In *Rhines*, the Supreme Court did not hold that a district court must grant a stay whenever it is presented with a mixed petition. To the contrary, the Supreme Court held that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See* 125 S. Ct. at 1534-35. In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies only if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 1535. Because this Court concluded that a stay was not warranted in this case, it is not necessary for the Court to consider whether Petitioner satisfies the *Rhines* requirements for a stay.

As stated in the Court's previous opinion, Petitioner has ample time to file a new petition after the proceedings on his motion for relief from judgment have concluded in the state courts. Petitioner will have 111 days from the decision of the Michigan Supreme Court in which to timely file a new habeas corpus petition. For the foregoing reasons, the Court properly dismissed Petitioner's action without granting a stay of the proceedings. Accordingly, Petitioner's motion for relief from judgment will be denied.

An Order consistent with this Opinion will be entered.


Dated: <u>March 6, 2006</u>                                        /s/ Wendell A. Miles
                                                                    Wendell A. Miles
                                                                    Senior U.S. District Judge

4